GEORGE PHILLIPS, PETITIONER-PROSECUTOR, v. FEDERATED METALS CORPORATION, RESPONDENT-DEFENDANT.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *David Roskein.*

For the defendant, *Edwin Joseph O'Brien.*

PER CURIAM.

This writ brings up for review a judgment of the Essex County Court of Common Pleas affirming a determination of the workmen's compensation bureau dismissing prosecutor's petition for compensation.

Prosecutor claimed to be partially disabled through lead poisoning contracted after exposure in the plant of the de-

fendant. He began work in that plant in 1925, and worked as a laborer in the dross room, where he might be exposed to lead poisoning, from February 18th, 1929, until February 12th, 1931; on that date he was transferred to the ingot department and worked there until April 23d, 1931, when he was transferred to the warehouse where he worked until August 7th, 1931, when he was laid off.

There seem to be two questions in the case; first, whether prosecutor has or ever has had lead poisoning; and second, whether he made known his condition to his employer within five months of his last exposure, as required by the statute. Both these questions were decided against him by the compensation bureau. The Common Pleas judge held that the evidence did not warrant a finding that prosecutor had lead poisoning, and further that he had never been sufficiently exposed to contract the disease.

It seems that on the main question, as to whether or not prosecutor suffered from the occupational disease of lead poisoning, there is presented a pure determination of fact upon which there was evidence upon both sides. Several physicians supported the contention of prosecutor and several others denied it. Two tribunals have found the testimony on behalf of the employer to be more entitled to weight and credence. The arguments of counsel indicate that the evidence is fairly evenly divided. We are of opinion that the weight of the evidence supports the finding of the compensation bureau and of the Essex County Court of Common Pleas.

As to the other question, there was also a question of fact as to whether there was any exposure during the latter months of prosecutor's employment in the warehouse. There was evidence that he had to go about the plant and that fumes from one department permeated to the warehouse. The weight of the testimony leads to the conclusion that prosecutor was not so exposed within five months of the date when he gave written notice of alleged disability.

The writ is dismissed, with costs.